# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09-cr-13-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ANAY LOPEZ BELTRAN. | ) | |
| | ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned, pursuant to a motion entitled " Motion to Appoint Substitute Counsel" (#206) filed by the defendant's attorney, Dennis Gibson requesting permission to withdraw as counsel for the defendant. In the motion, Mr. Gibson states that on April 28, 2009, immediately before a hearing was scheduled for the defendant to participate in a Rule 11 inquiry, the defendant met with him at which time the defendant informed Mr. Gibson she desired new counsel. The defendant did not provide any specific reasons for desiring new counsel to Mr. Gibson. Upon the call of this matter on for hearing it appeared that the defendant was present with Mr. Gibson and the government was represented by Assistant United States Attorney Jill Rose. From the statements of Mr. Gibson and the statements of the defendant, a portion of which was during a sealed proceeding in which the Assistant United States Attorney was excluded from the proceeding, the court makes the following findings.

**Findings**. Mr. Gibson that shortly before the defendant was scheduled to

appear before the undersigned for the purpose of participating in a Rule 11 inquiry on April 28, 2009, the defendant told Mr. Gibson she desired that new counsel be appointed. The defendant did not give Mr. Gibson any specific reasons as to why she wanted another attorney appointed to represent her. The defendant, at that time, also declined to participate in the Rule 11 inquiry and therefore the plea of guilty of the defendant was not taken by the undersigned. The undersigned made inquiry and found that this matter was set for trial during the week of May 12, 2009 which would be only four business days after the hearing of the defendant's motion for substitute counsel.

As shall be shown in the sealed proceeding, the undersigned conducted an inquiry of the defendant to determine the reasons why the defendant did not wish for Mr. Gibson to represent her further and also to determine whether or not there was such a conflict between the defendant and Mr. Gibson that it was so great that it has resulted in a total lack of communication preventing an adequate defense. The undersigned refers any inquiry that might be made in this matter to the sealed record.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. U.S. vs. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion

of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris vs. Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why the defendant does not wish for Mr. Gibson to represent her further; and (3) whether or not there is such a conflict between the defendant and Mr. Gibson that is so great it has resulted in a total lack of communication preventing an adequate defense. U.S. vs. Gallop, 838 F.2d 105 (4th Cir. 1988).

At the time of the hearing of this motion there was only four business days that remained prior to the trial of this matter which is scheduled for May 12, 2009. Considering all days, including weekends and holidays, there are six days. It is the opinion of the undersigned there is not sufficient time within which to appoint another attorney and for that attorney to be prepared for the trial of this matter on May 12, 2009. This factor must be weighed against granting the motion.

The undersigned inquired, in a sealed proceeding, as to the reasons for the conflict between the defendant and her attorney. After hearing from both Mr. Gibson and the defendant it appears there is no basis for appointing new counsel. There does not appear to be any conflict between Mr. Gibson and the defendant. From the statements of the Assistant United States Attorney received by the court outside of

the sealed proceeding, it appears that Mr. Gibson has been extremely diligent in working upon the defendant's case and there is no valid reason for appointment of substitution of counsel.

The court has further examined the matter to determine whether or not there is such conflict between the defendant and Mr. Gibson that there is a total lack of communication between them preventing an adequate defense.  At this time, it does not appear to the undersigned that such a conflict exists between the defendant and Mr. Gibson that would prevent an adequate defense.  Mr. Gibson is an excellent attorney who works diligently on behalf of his clients.  There does not appear to be any conflict between the defendant or Mr. Gibson.  Mr. Gibson is qualified to try this case before a jury and the undersigned is of an opinion that he would do a good job in doing so.

After considering all the factors, it appears there is little time before trial within which to appoint other counsel who has the knowledge of this case that Mr. Gibson possesses.  As a result of the inquiry made by the undersigned, the undersigned can find no good reason for the appointment of another attorney to represent the defendant and there does not appear to be a lack of communication between Mr. Gibson and the defendant that would prevent an adequate defense.

Based upon the foregoing, the undersigned has determined to enter an order denying the "Motion to Appoint Substitute Counsel" (#206).

# ORDER

IT IS, THEREFORE, **ORDERED** that the motion of Dennis Gibson entitled "Motion to Appoint Substitute Counsel" (#206) is hereby **DENIED.**

Signed: May 14, 2009

Dennis L. Howell
United States Magistrate Judge